FILED

1   Michael J. Gulden (State Bar No. 243383)
    GULDEN & ASSOCIATES, INC.
2   12100 Wilshire Boulevard, Suite 1225
    Los Angeles, California 90025
3   Telephone: (310) 207-1120
    Facsimile: (888) 317-1917
4   Email: MGulden@GuldenLaw.com

2014 JUN 11  PM 2:10

5   Attorneys for Plaintiff
    DONYEAL GRIFFIN-WARE

6

7

8                  **UNITED STATES DISTRICT COURT**

9                 **CENTRAL DISTRICT OF CALIFORNIA**

10         **CV 14-04493 - SVW (MANx)**

11  DONYEAL GRIFFIN-WARE, an          Case No.
    individual,
12                                     Assigned to the Hon.
              Plaintiff,
13                                     **COMPLAINT FOR:**
          vs.
14                                     1)  **VIOLATION OF GOV. CODE SEC.
    LOS ANGELES METROPOLITAN              12940;**
15  TRANSPORTATION
    AUTHORITY; and DOES 1 through     2)  **UNFAIR BUSINESS PRACTICES;**
16  50, inclusive,
                                       3)  **INTENTIONAL INFLICTION OF
17            Defendants.                   EMOTIONAL DISTRESS;**

18                                     4)  **SEX DISCRIMINATION;**

19                                     5)  **PREGNANCY DISCRIMINATION;**

20                                     6)  **DISABILITY DISCRIMINATION;**

21                                     7)  **WRONGFUL TERMINATION;**

22                                     8)  **WRONGFUL TERMINATION IN
                                           VIOLATION OF PUBLIC POLICY;**

23                                     9)  **BREACH OF IMPLIED COVENANT
                                           OF GOOD FAITH AND FAIR
24                                         DEALING;**

25                                     10) **INVASION OF PRIVACY;**

26                                     11) **FAILURE TO PAY OVERTIME
                                           COMPENSATION;**

27                                     12) **FAILURE TO PROVIDE REQUIRED
28                                         MEAL PERIODS (Cal. Labor Code §§**

────────────────────────────────
                COMPLAINT

226.7 and 512);

13) **FAILURE TO PROVIDE REQUIRED REST PERIODS (Cal. Labor Code § 226.7);**

14) **CONVERSION; and**

15) **WAITING TIME PENALTIES**

[JURY TRIAL DEMANDED]

COMPLAINT

For her Complaint herein, Plaintiff Donyeal Griffin-Ware ("Plaintiff") alleges as follows:

## THE PARTIES

1.     Plaintiff is an individual who resides in the County of Los Angeles, California.

2.     Defendant Los Angeles Metropolitan Transit Authority ("Defendant" or the "MTA") is a business entity, with its principal place of business located in the County of Los Angeles, California.

3.     Plaintiff does not know the true names and capacities of DOES 1 through 50, inclusive, and Plaintiff therefore sues said Defendants by such fictitious names pursuant to Section 474 of the California Code of Civil Procedure.  Plaintiff will seek leave of Court to amend this Complaint when said true names and capacities have been ascertained.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over this lawsuit because the amount in controversy exceeds this Court's jurisdictional amount, exclusive of attorneys' fees, and involves Federal questions.  28 U.S.C. § 1332.

5.     Venue is proper in this Court because the transactions at issue and certain actionable events described below occurred, or were to be performed, in the County of Los Angeles, California.  28 U.S.C. § 1391.

## FACTS COMMON TO ALL CAUSES OF ACTION

6.     Plaintiff was a long-time employee of the MTA, employed as a driver.  At approximately 4:00 a.m. on January 1, 2013, Plaintiff reported to the MTA to commence her shift.  At approximately 8:40 a.m., Plaintiff was told that she was "off" and to leave.

7.     As Plaintiff was leaving, she was summoned on the loud speaker, and ordered to report to the MTA drug testing facility.  Pursuant to that order, Plaintiff immediately reported for drug testing.

1
COMPLAINT

8.     As instructed, Plaintiff emptied her bladder and provided a urine sample to the person administering the test.  Plaintiff was then told that her urine temperature was "elevated," and the testing administrator asked "why."  Plaintiff informed the administrator that it was a "private medical condition," but the administrator insisted that Plaintiff explain in detail and provide all information to her, whether "private or not."

9.     Plaintiff informed the administrator that Plaintiff had recently had surgery.  The administrator then demanded to know "why."  Plaintiff again stated that it was "private," and the administrator again demanded that Plaintiff reveal all information to her.

10.     Plaintiff informed the administrator that the surgery was to terminate a pregnancy, and that Plaintiff had an infection, and that Plaintiff was scheduled for a hysterectomy on March 26, 2013, which was scheduled through Plaintiff's work insurance plan.  The administrator then stated to Plaintiff that the sample Plaintiff gave "would not work," and demanded that Plaintiff urinate yet again while the administrator was in the room, and that the administrator would remain in the room and observe Plaintiff urinate.

11.     Plaintiff then attempted to urinate again, but was unable to do so given that she had just emptied her entire bladder, pursuant to prior instruction.  The administrator then told Plaintiff that Plaintiff's "time was up," and told Plaintiff that Plaintiff needed to see a specialist.  Plaintiff was told that she would be placed on leave.

12.     Plaintiff then explained that she could only urinate twice per day given her medical conditions, and that the administrator should inquire with Plaintiff's OBGYN to confirm.  The administrator refused to inquire with Plaintiff's OBGYN, and instructed Plaintiff to "leave."

13.     On January 4, 2013, Plaintiff went to see Dr. Tang at the MTA's insistence.  Dr. Tang demanded that Plaintiff reveal her entire medical history to Dr. Tang, and to see all medications that Plaintiff was taking.  Dr. Tang then questioned

1  Plaintiff about Plaintiff's scheduled hysterectomy on March 26, 2013.  Dr. Tang then

2  took a sample of Plaintiff's urine.

3         14.    Dr. Tang then gave Plaintiff several forms to fill out to have Plaintiff's

4  medical records released to Dr. Tang, which Plaintiff signed.  Plaintiff was then placed

5  on administrative leave by the MTA.

6         15.    In March 2013, just before Plaintiff scheduled hysterectomy on March 26,

7  2013 (which was scheduled through Plaintiff's MTA insurance), Plaintiff received a

8  letter stating that she was "terminated" due to inability to urinate a second time on

9  January 1, 2013, and that Plaintiff's OBGYN had "not responded" to a request for a

10  "scientific basis as to why [Plaintiff's] condition would cause decreased urination."  In

11  fact, however, Plaintiff's OBGYN had provided all information to the MTA, and had

12  explained in detail why Plaintiff's condition would cause decreased urination.

13  Moreover, Dr. Tang did not analyze the sample that Plaintiff had given on January 4,

14  2013.

15         16.    Plaintiff has complied with all administrative requirements prior to filing

16  this Complaint.

### **FIRST CAUSE OF ACTION**

#### **(Violation of Government Code section 12940)**

19         17.    Plaintiff re-alleges and incorporates each of the foregoing paragraphs as

20  though fully set forth herein.

21         18.    California Government Code section 12940 requires Defendant to take all

22  reasonable steps necessary to prevent discrimination and harassment from occurring.

23  As alleged above, Defendant violated this section by failing to take all reasonable steps

24  necessary to prevent discrimination and harassment from occurring.  Within the time

25  provided by law, Plaintiff obtained right-to-sue letters.

26         19.    As a proximate result of Defendant's conduct, Plaintiff has sustained, and

27  continues to sustain, substantial losses in earnings and other employment benefits, and

28

continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

20.    Defendant's conduct as described herein was willful, despicable, knowing and intentional.  Accordingly, Plaintiff seeks an award of punitive damages and exemplary damages in an amount according to proof.

21.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.  Plaintiff is presently unaware of the precise amount of these expenses and fees, and prays for leave of court to amend this Complaint when the amounts are more fully known.

## FOURTH CAUSE OF ACTION

### (Unfair Business Practices (Cal. B&P Code § 17200) Against All Defendants)

22.    Plaintiff re-alleges and incorporates each of the foregoing paragraphs as though fully set forth herein.

23.    The Unfair Competition Law ("UCL"), California Business & Professions Code sections 17200, *et* seq., defines unfair competition to include, *inter alia*, any unfair or unlawful business act or practice.  The UCL provides that a Court may order restitution to affected members of the public.

24.    During the four years preceding the filing of this Complaint, Defendants have engaged in unlawful business practices and acts proscribed by California Business and Professions Code section 17200, *et seq.*, including the practices alleged herein.

25.    Those unlawful practices include and acts include Defendants' act and practice of permitting harassment to occur, failing to prevent harassment, and wrongfully terminating Plaintiff on the basis of her sex, disability and pregnancy status, pursuant to the Industrial Welfare Commission Orders, at California Code of Regulations, Title 8, §11010, *et seq.*

26.    The business acts and practices of Defendants as alleged herein were unlawful because, for the reasons set forth above, such acts and practices violate provisions of the California Labor Code and Wage Orders.  Defendants have obtained a

significant competitive advantage, and engaged in unfair competition, through its acts and practices.

27.     As a result of Defendants' conduct, Plaintiff has been damaged in an amount to be proven at trial.

28.     Plaintiff requests an award of attorneys' fees, costs and expenses pursuant to California Code of Civil Procedure section 1021.5 and as otherwise permitted by statute.

## THIRD CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress Against All Defendants)

29.     Plaintiff re-alleges and incorporates each of the foregoing paragraphs as though fully set forth herein.

30.     Defendants engaged in wrongful conduct against Plaintiff, including subjecting Plaintiff to the intentional infliction of emotional distress caused by the unlawful conduct of Defendants, as detailed herein, including violating Labor Code section 201, 203, 226, 132a, 232, 552, 1102.5 and 1194, among others.

31.     Defendants intentionally failed to take immediate and appropriate remedial action to respond to Plaintiff's inquiries and complaints. Defendants ignored Plaintiff, and instead subjected Plaintiff to demeaning and unlawful conduct as detailed herein.

32.     The acts of Defendants as described herein were extreme and outrageous and an abuse of their authority and position. Such conduct was intended to cause severe emotional distress, or was done in conscious disregard of the probability of causing such distress. Such conduct exceeded the inherent risks of employment and was not the sort of conduct normally expected to occur in the workplace. Defendants and their agents abused their positions of authority toward Plaintiff, and engaged in conduct intended to humiliate Plaintiff and to convey the message that Plaintiff was powerless to defend her rights.

33.    As a proximate cause of the aforementioned acts, Plaintiff suffered embarrassment, anxiety, humiliation, serious mental anguish, and emotional and physical distress. Plaintiff will continue to suffer damages in a sum that exceeds the jurisdictional limits of this court, but is yet to be ascertained. Plaintiff will either seek leave to amend this Complaint upon ascertaining such information, or will prove the same at the time of trial.

34.    As more fully set forth above, the wrongful conduct of Defendants was committed intentionally, maliciously, wantonly, oppressively, and fraudulently with a conscious disregard of Plaintiff's rights and with intent to vex, injure, punish, and annoy Plaintiff so as to cause the injuries sustained by Plaintiff, which acts amounted to oppressions, fraud, and malice, as described in California Civil Code section 3294. Plaintiff is therefore entitled to punitive and/or exemplary damages in an amount sufficient to punish and make an example of Defendants. The conduct of Defendants was clearly malicious, oppressive, and despicable.

## FOURTH CAUSE OF ACTION

### (Age Discrimination and Harassment

### (Cal. Gov. Code §§12900, *et. seq.* Against All Defendants))

35.    Plaintiff re-alleges and incorporates each of the foregoing paragraphs as though fully set forth herein.

36.    Plaintiff was at all times relevant hereto an "employee" within the meaning of California Government Code sections 12900, *et. esq.* which prohibit sex discrimination in employment.

37.    Defendants were at all times an "employer" as defined by California Government Code sections 12900, *et. esq.* and, as such, were barred from discriminating in employment decisions on the basis of sex, disability and pregnancy, as set forth in California Government Code sections 12900, *et. esq.*

38.   Defendants have discriminated against Plaintiff on the basis of sex, disability and pregnancy, in violation of Government Code sections 12900, *et. esq.*, by engaging in the course of conduct more fully set forth in the General Allegations above.

39.   As a result of Defendants' discrimination against Plaintiff, Plaintiff has suffered and continues to suffer substantial (a) humiliation, serious mental anguish and emotional and physical distress, and (b) loss of past and future earnings, and employment benefits and opportunities, all on account of which Plaintiff is entitled to compensatory damages, the exact amount and nature of which exceeds the jurisdictional limits of this court but is presently unknown to Plaintiff, who will either seek leave to amend this complaint upon ascertaining such information, or will prove the same at the time of trial.

40.   The discriminatory practices toward Plaintiff, alleged in the General Allegations set forth above, were approved and ratified by Defendants by their failure to act following Plaintiff's complaints.  Plaintiff repeatedly requested explanations for her managers' adverse personnel actions towards her, all to no avail.

41.   As more fully set forth above, the sex, disability and pregnancy discrimination by Defendants was committed intentionally, maliciously, wantonly, oppressively, and fraudulently with a conscious disregard of Plaintiff's rights and with intent to vex, injure, punish, and annoy Plaintiff so as to cause the injuries sustained by Plaintiff, which acts amounted to oppressions, fraud, and malice, as described in California Civil Code section 3294.  Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example of Defendant.  The conduct of Defendant was clearly malicious, oppressive, and despicable.

## FIFTH CAUSE OF ACTION

### (Pregnancy Discrimination

### (Cal. Gov. Code §§12900, *et. seq.* Against All Defendants))

42.     Plaintiff re-alleges and incorporates each of the foregoing paragraphs as though fully set forth herein.

43.     Plaintiff was at all times relevant hereto an "employee" within the meaning of California Government Code sections 12900, *et. esq.* which prohibit sex discrimination in employment.

44.     Defendants were at all times an "employer" as defined by California Government Code sections 12900, *et. esq.* and, as such, were barred from discriminating in employment decisions on the basis of sex, disability and pregnancy, as set forth in California Government Code sections 12900, *et. esq.*

45.     Defendants have discriminated against Plaintiff on the basis of sex, disability and pregnancy, in violation of Government Code sections 12900, *et. esq.*, by engaging in the course of conduct more fully set forth in the General Allegations above.

46.     As a result of Defendants' discrimination against Plaintiff, Plaintiff has suffered and continues to suffer substantial (a) humiliation, serious mental anguish and emotional and physical distress, and (b) loss of past and future earnings, and employment benefits and opportunities, all on account of which Plaintiff is entitled to compensatory damages, the exact amount and nature of which exceeds the jurisdictional limits of this court but is presently unknown to Plaintiff, who will either seek leave to amend this complaint upon ascertaining such information, or will prove the same at the time of trial.

47.     The discriminatory practices toward Plaintiff, alleged in the General Allegations set forth above, were approved and ratified by Defendants by their failure to act following Plaintiff's complaints.  Plaintiff repeatedly requested explanations for her managers' adverse personnel actions towards her, all to no avail.

48.     As more fully set forth above, the sex, disability and pregnancy discrimination by Defendants was committed intentionally, maliciously, wantonly, oppressively, and fraudulently with a conscious disregard of Plaintiff's rights and with intent to vex, injure, punish, and annoy Plaintiff so as to cause the injuries sustained by Plaintiff, which acts amounted to oppressions, fraud, and malice, as described in California Civil Code section 3294.  Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example of Defendant.  The conduct of Defendant was clearly malicious, oppressive, and despicable.

## SIXTH CAUSE OF ACTION

### (Disability Discrimination

### (Cal. Gov. Code §§12900, *et. seq.* Against All Defendants))

49.     Plaintiff re-alleges and incorporates each of the foregoing paragraphs as though fully set forth herein.

50.     Plaintiff was at all times relevant hereto an "employee" within the meaning of California Government Code sections 12900, *et. esq.* which prohibit sex discrimination in employment.

51.     Defendants were at all times an "employer" as defined by California Government Code sections 12900, *et. esq.* and, as such, were barred from discriminating in employment decisions on the basis of sex, disability and pregnancy, as set forth in California Government Code sections 12900, *et. esq.*

52.     Defendants have discriminated against Plaintiff on the basis of sex, disability and pregnancy, in violation of Government Code sections 12900, *et. esq.*, by engaging in the course of conduct more fully set forth in the General Allegations above.

53.     As a result of Defendants' discrimination against Plaintiff, Plaintiff has suffered and continues to suffer substantial (a) humiliation, serious mental anguish and emotional and physical distress, and (b) loss of past and future earnings, and employment benefits and opportunities, all on account of which Plaintiff is entitled to

9

COMPLAINT

1  compensatory damages, the exact amount and nature of which exceeds the jurisdictional
2  limits of this court but is presently unknown to Plaintiff, who will either seek leave to
3  amend this complaint upon ascertaining such information, or will prove the same at the
4  time of trial.

5      54.    The discriminatory practices toward Plaintiff, alleged in the General
6  Allegations set forth above, were approved and ratified by Defendants by their failure to
7  act following Plaintiff's complaints.  Plaintiff repeatedly requested explanations for her
8  managers' adverse personnel actions towards her, all to no avail.

9      55.    As more fully set forth above, the sex, disability and pregnancy
10 discrimination by Defendants was committed intentionally, maliciously, wantonly,
11 oppressively, and fraudulently with a conscious disregard of Plaintiff's rights and with
12 intent to vex, injure, punish, and annoy Plaintiff so as to cause the injuries sustained by
13 Plaintiff, which acts amounted to oppressions, fraud, and malice, as described in
14 California Civil Code section 3294.  Plaintiff is therefore entitled to punitive or
15 exemplary damages in an amount sufficient to punish and make an example of
16 Defendant.  The conduct of Defendant was clearly malicious, oppressive, and
17 despicable.

## NINTH CAUSE OF ACTION

### (Wrongful Termination Against All Defendants)

20     56.    Plaintiff repeats and re-alleges each and every allegation contained in the
21 preceding paragraphs of this Complaint, as fully set forth herein.

22     57.    As detailed herein, Plaintiff entered into an employment relationship with
23 Defendants in which management promised, by words and conduct, to give her good
24 performance reviews for her work performance, and would not terminate Plaintiff
25 without proper investigation, and in order to avoid her surgery being covered by
26 Defendants.

27     58.    Plaintiff substantially performed her job duties during her employment
28 with Defendant.  Nonetheless, Defendants denigrated, embarrassed and harassed

Plaintiff by, among other things, attempting to discipline her unfairly, demeaning Plaintiff with respect to her sex, disability and pregnancy status, and ultimately terminating Plaintiff.

59.    Plaintiff was wrongfully terminated without investigation, and was terminated to avoid Plaintiff's surgery being covered by Defendants.

60.    Plaintiff was harmed by the loss of employment.  As a direct and proximate result of the conduct of Defendant, Plaintiff has been damaged in an amount to be proven at trial.

## **EIGHTH CAUSE OF ACTION**

**(Wrongful Termination in Violation of Public Policy Against All Defendants)**

61.    Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint, as fully set forth herein.

62.    Because Plaintiff engaged in activities expressly protected by, among other law, California Labor Code sections 1198.3 (being of a protected sex, disability and pregnancy), Defendants subjected Plaintiff to adverse personnel actions, as set forth herein, including terminating Plaintiff's employment.

63.    The aforementioned acts of Defendant constitute wrongful termination in violations of public policy.

64.    As a result of Defendants' wrongful conduct, Plaintiff has suffered and continues to suffer substantial (a) humiliation, serious mental anguish and emotional and physical distress, and (b) loss of past and future earnings, and employment benefits and opportunities, on account of which Plaintiff is entitled to compensatory damages, the exact amount and nature of which exceeds the jurisdictional limits of this court but is presently unknown to Plaintiff, who will either seek leave to amend this complaint upon ascertaining such information, or will prove the same at the time of trial.

65.    As more fully set forth above, the wrongful conduct of Defendants was committed intentionally, maliciously, wantonly, oppressively, and fraudulently with a conscious disregard of Plaintiff's rights and with intent to vex, injure, punish, and annoy

1   Plaintiff so as to cause the injuries sustained by Plaintiff, which acts amounted to

2   oppressions, fraud, and malice, as described in California Civil Code section 3294.

3   Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient

4   to punish and make an example of Defendants. The conduct of Defendants was clearly

5   malicious, oppressive, and despicable.

## NINTH CAUSE OF ACTION

### (Breach of the Implied Covenant of Good Faith and Fair Dealing Against All Defendants)

9   66.     Plaintiff repeats and re-alleges each and every allegation contained in the

10  preceding paragraphs of this Complaint, as fully set forth herein.

11  67.     The relationship between employer and employee is fundamentally

12  contractual. Inherent in this contractual relationship is a covenant of good faith and fair

13  dealing, which implies a promise that each party will refrain from doing anything to

14  injure the other's right to receive benefits of the agreement and which protects the

15  parties' reasonable expectations.

16  68.     The provisions of the California Labor Code are implied by law into all

17  employment agreements, including the employment agreement entered into between

18  Plaintiff and Defendants. By discharging Plaintiff in violation of Labor Code section

19  1102.5, among others, Defendants have injured Plaintiff's right to receive the benefits

20  of her employment agreement and have thwarted Plaintiff's reasonable expectations;

21  i.e., Defendants breached the implied covenant of good faith and fair dealing.

22  69.     As a direct and proximate result of Defendants' breaches of the implied

23  covenant of good faith and fair dealing, Plaintiff has suffered compensatory damages in

24  an amount to be proven at trial.

## TENTH CAUSE OF ACTION

### (Invasion of Privacy Against All Defendants)

27  70.     Plaintiff repeats and re-alleges each and every allegation contained in the

28  preceding paragraphs of this Complaint, as fully set forth herein.

71.     As described herein, Defendants forced Plaintiff to reveal private medical information to them, and forced her to sign documents to gain access to her entire medical history.  Even after being forced to provide such information, Defendants failed to investigate, and ignored critical communications from Plaintiff's physicians.

72.     As a result of Defendants' conduct, Plaintiff suffered harm to her profession and occupation, and severe emotional distress.  The conduct of Defendants was a substantial factor in causing Plaintiff's harm.

73.     The conduct of Defendants, as alleged herein, was deliberate, malicious and despicable and reflects a conscious and/or reckless disregard of the rights and interest of Plaintiff, thereby entitling Plaintiff to exemplary and punitive damages.

### ELEVENTH CAUSE OF ACTION

#### (Failure to Pay Overtime Compensation

#### (Cal. Labor Code §§ 552 and 1194) Against All Defendants)

74.     Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint, as fully set forth herein.

75.     During the time of Plaintiff's employment, Defendants routinely required Plaintiff to work more than eight (8) hours per day and more than 40 hours per workweek.

76.     At all times relevant herein, Plaintiff routinely spent less than fifty percent of his working hours performing administrative, executive, or professional duties, as defined in the Industrial Welfare Commission Orders, at California Code of Regulations, Title 8, §11010, et seq., and instead spent her work days primarily performing non-exempt duties, such as those detailed above, entitling Plaintiff to overtime wages.

77.     Pursuant to the Industrial Welfare Commission Orders, at California Code of Regulations, Title 8, §11010 *et seq.*, for the three years preceding the filing of this lawsuit, Defendants were required to compensate Plaintiff for all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for hours worked in

excess of eight hours per day and/or forty hours per week, and two times the regular rate of pay for hours worked in excess of twelve in one day, which Defendants failed to do.

78.    At all times relevant herein Defendants' conduct violated, *inter alia*, California Labor Code §§ 1194 and 1198.  Therefore Plaintiff is entitled to recover the unpaid balance of wages owed, penalties, interest, and reasonable attorneys' fees and costs of suit.

79.    Plaintiff has been deprived of this rightfully earned overtime compensation as a direct and proximate result of Defendants' failure and refusal to pay compensation.  Plaintiff is entitled to recover such amounts, plus interest thereon, attorneys' fees and costs, pursuant to Labor Code section 1194.

80.    As a direct and proximate result of the conduct of Defendants, Plaintiff has suffered an amount to be proven at trial, but in excess of the jurisdictional minimum of this court.

## TWELFTH CAUSE OF ACTION

### (Failure to Provide Required Meal Periods

### (Cal. Labor Code §§ 226.7, 512(a), 516) Against All Defendants)

81.    Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint, as fully set forth herein.

82.    California Labor Code section 516 authorizes California's Industrial Welfare Commission to "adopt or amend working condition orders with respect to break periods, meal periods, and days or rest for any workers in California consistent with the health and welfare of those workers."  California Labor Code section 226.7(a) states that "no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

California Labor Code section 512(a) states as follows:

> An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours,

14

the meal period may be waived by mutual consent of
both the employer and employee. An employer may
not employ an employee for a work period of more
than 10 hours per day without providing the
employee with a second meal period of not less than
30 minutes, except that if the total hours worked
is no more than 12 hours, the second meal period
may be waived by mutual consent of the employer
and the employee only if the first meal period was
not waived.

California Labor Code § 512(a).

83.     Further, Section 11(A) of the Wage Order (8 Cal. Code Regs. § 11050)
sets the meal period requirement (which requirement is also set forth in all the other
Wage Orders that may apply to Defendants, as the case may be). 8 Cal. Code Regs. §
11090(12)(A).

84.     The Wage Order (8 Cal. Code Regs. § 11050(11)(B) as well as California
Labor Code section 226.7 require that "[i]f an employer fails to provide an employee a
meal period or rest period in accordance with an applicable order of the Industrial
Welfare Commission, the employer shall pay the employee on (1) hour of pay at the
employee's regular rate of compensation for each workday that the meal period is not
provided."

85.     California Labor Code section 226.7 states that "[i]f an employer fails to
provide an employee a meal period or rest period in accordance with an applicable order
of the Industrial Welfare Commission, the employer shall pay the employee on (1) hour
of pay at the employee's regular rate of compensation for each workday that the meal
period is not provided."

86.     During Plaintiff's employment with Defendants preceding the filing of
this Complaint, Plaintiff regularly worked in excess of eight hours each workday and
was therefore entitled to at least one meal period each workday. However, Defendants
failed and refused to provide Plaintiff with meal periods in which she was relieved of all
duty for 30 minutes. Plaintiff had to eat in far less time than 30 minutes, and had to be

1  available to Defendants at all times.  It was Defendants' policy that Plaintiff be

2  available to serve Defendants at a moment's notice.

3      87.    Plaintiff is entitled to one hour of pay at their regular rate for each

4  workday during her employment with Defendants, as he was always denied an off-duty

5  30 minute meal period during each work shift.

6      88.    As a proximate result of the conduct of Defendants, Plaintiff has suffered

7  damages, including an hour of pay for each workday not paid, in an amount to be

8  proven at trial.

9      89.    Plaintiff requests interest on all payments owed to her for missed meal

10  periods, pursuant to Labor Code §§ 218.5 or 1194.

11              **THIRTEENTH CAUSE OF ACTION**

12              **(Failure to Provide Required Rest Periods**

13         **(Cal. Labor Code § 226.7) Against All Defendants)**

14      90.    Plaintiff repeats and re-alleges each and every allegation contained in the

15  preceding paragraphs of this Complaint, as fully set forth herein.

16      91.    California Labor Code section 516 authorizes California's Industrial

17  Welfare Commission to "adopt or amend working condition orders with respect to break

18  periods, meal periods, and days or rest for any workers in California consistent with the

19  health and welfare of those workers."  California Labor Code section 226.7(a) states

20  that "no employer shall require any employee to work during any meal or rest period

21  mandated by an applicable order of the Industrial Welfare Commission."

22      92.    Section 12(A) of the Wage Order (8 Cal. Code Regs. § 11050) sets the

23  rest period requirement (which requirement is also set forth in all the other Wage Orders

24  that may apply to Defendant, as the case may be):

25              Every employer shall authorize and permit all employees to
26              take rest periods, which insofar as practicable shall be in the
                middle of each work period. The authorized rest period time
27              shall be based on the total hours worked daily at the rate of
                ten (10) minutes net rest time per four (4) hours or major
28              fraction thereof.

1  8 Cal. Code Regs. § 11050(12)(A).

2      93.    The Wage Order (8 Cal. Code Regs. § 11050(12)(B) as well as California

3  Labor Code section 226.7 require that "[i]f an employer fails to provide an employee a

4  meal period or rest period in accordance with an applicable order of the Industrial

5  Welfare Commission, the employer shall pay the employee on (1) hour of pay at the

6  employee's regular rate of compensation for each workday that the meal period is not

7  provided."

8      94.    During Plaintiff's employment with Defendants preceding the filing of

9  this Complaint, Plaintiff regularly worked in excess of four hours each workday and

10  was therefore entitled to at least one rest period.  However, Defendants failed and

11  refused to provide Plaintiff with rest periods in which he was relieved of all duty for 10

12  minutes.  Plaintiff had to be available to Defendants at any moment's notice.

13      95.    Plaintiff is entitled to one hour of pay at their regular rate for each

14  workday during her employment with Defendants, as she was always denied a 10

15  minute rest period during each work shift.

16      96.    As a proximate result of the conduct of Defendants, Plaintiff has suffered

17  damages, including an hour of pay for each workday not paid, in an amount to be

18  proven at trial.

19      97.    Plaintiff requests interest on all payments owed to her for missed rest

20  periods, pursuant to Labor Code §§ 218.5 or 1194.

21              **FOURTEENTH CAUSE OF ACTION**

22              **(Conversion Against All Defendants)**

23      98.    Plaintiff repeats and re-alleges each and every allegation contained in the

24  preceding paragraphs of this Complaint, as fully set forth herein.

25      99.    As described herein, Defendants wrongfully withheld earned wages from

26  Plaintiff and failed to pay wages and other compensation which were due for overtime

27  hours worked, for standby time, for meal and rest breaks, and as otherwise required to

28  pursuant to employment laws of the State of California.

17
COMPLAINT

100.   At all relevant times herein, Defendants had and continue to have a legal obligation imposed by statute to pay Plaintiff all earned wages and other compensation due.  Such wages and compensation belonged to Plaintiff at the time the labor and services were provided to Defendants, and accordingly such wages and compensation are the property of Plaintiff.

101.   As a direct and proximate result of the conduct of Defendants, Plaintiff has been damaged in an amount to be proven at trial.

## FIFTEENTH CAUSE OF ACTION

### (Waiting Time Penalties (Cal. Lab.

### Code §§ 201-203) Against All Defendants)

102.   Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint, as fully set forth herein.

103.   California Labor Code section 203 provides that if an employer willfully fails to pay, without abatement of reduction, in accordance with California Labor Code sections 201 and 202, any wages of an employee who is discharged or who resigns, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid up to a maximum of thirty (30) days.

104.   Defendants willfully failed to pay the earned and unpaid wages of Plaintiff owed for overtime at the end of her employment, in violation of California Labor Code sections 201 and/or 202.

105.   Defendants willfully failed to pay Plaintiff overtime wages owed to her, in that Defendants were aware of the duties that Plaintiff performed and all hours that she worked on a daily basis, including weekends, but nevertheless failed to pay Plaintiff properly.

106.   Plaintiff is entitled to payment pursuant to California Labor Code section 203, in the amount of his daily wages up to 30 days, as a penalty imposed against Defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For compensatory and actual damages in amount to be proven at trial;

2. For costs of the suit incurred herein;

3. For punitive and exemplary damages in an amount to be proven at the time of trial;

4. For reasonable attorneys' fees under applicable statutes, including Civil Code section 52;

5. For such other relief as the Court may deem proper.

## **JURY TRIAL DEMANDED**

Dated:  June 10, 2014                    GULDEN & ASSOCIATES, INC.


By: _____
                     Michael J. Gulden
                     Attorneys for Plaintiff DONYEAL
                     GRIFFIN-WARE